**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25733-CIV-MARTINEZ**

HERBERT DANIEL RIERA CHACIN,

Petitioner,

v.

CHARLES PARRA, *et al.*,

Respondents.
_________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Petitioner Herbert Daniel Riera Chacin's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), [ECF No. 1]. Petitioner challenges his immigration detention without having been afforded an individualized bond determination. (*See generally* Pet.). In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (August 25, 2026 Order [ECF No. 5]). Respondents filed their Response on August 28, 2026 ("Response") [ECF No. 11], and Petitioner filed a Reply ("Reply") [ECF No. 13]. The Court has considered the briefing, the record, and applicable law, and is otherwise fully advised. For the following reasons, the Petition is **GRANTED in part**.

Petitioner is a native of Venezuela who first arrived in the United States around June of 2021. (*See* Pet. ¶¶ 20, 22-23). On June 11, 2021, ICE Enforcement and Removal Operations ("ERO") issued a Notice and Order of Expedited Removal and released Petitioner from custody on his own recognizance. (*See* Resp. 1-2; *see also* Notice and Order of Expedited Removal [ECF No. 11-2]). On June 21, 2021, Petitioner was referred to United States Citizenship and Immigration

Services ("USCIS") for a credible fear determination. (Resp. 2). On August 11, 2026, USCIS determined that the Petitioner had not established a credible fear of persecution and referred Petitioner's case to an Immigration Judge. (*Id.*; *see also* Record of Deportable/Inadmissible Alien [ECF No. 11-1] 2). That same day, ERO took Petitioner into custody at the USCIS Asylum Office in Miami, Florida. (Resp. 2; *see also* Warrant for Arrest of Alien [ECF No. 11-3]).

On August 19, 2026, an Immigration Judge reviewed USCIS's findings that the Petitioner had not showed a credible fear, and entered an order vacating the USCIS decision. (*See* August 19, 2026 Order of the Immigration Judge [ECF No. 11-4]). Pursuant to the Immigration Judge's order vacating USCIS's findings that Petitioner did not establish a credible fear, the Order of Expedited Removal under 8 U.S.C. § 1225(b)(1) was vacated. (*See id.*) On August 26, 2026, a new Notice to Appear was served on the Petitioner, charging Petitioner with inadmissibility under INA §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I). (*See* Notice to Appear [ECF No. 11-7]). Petitioner remains in custody, and has been transferred several times, from Miami, Florida to Florence, Arizona, and most recently, from Florence, Arizona to Alexandria, Louisiana. (*See* Third Notice of Petitioner's Transfer [ECF No. 15]; *see also* Detention History [ECF No. 15-1]).

Petitioner asks the Court to order Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge, or in the alternative, order Petitioner's immediate release from custody. (Pet. 36-37). Respondents argue that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(1) because he is in expedited removal proceedings. (*See* Resp. 7-8). However, Respondents' own pleadings demonstrate that Petitioner's Order of Expedited Removal was vacated on August 19, 2026, and a new Notice to Appear was issued on August 26, 2026, charging Petitioner as inadmissible under INA §§ 212(a)(6)(A)(i) and

212(a)(7)(A)(i)(I). (*See* Resp. 2-3; *see also* August 19, 2026 Order of the Immigration Judge; Notice to Appear).

The Eleventh Circuit was clear that "[t]he text and statutory structure of the INA, bolstered by the long history of detention across our immigration laws and the congressional purpose in passing IIRIRA, yield the conclusion that no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258, 1262 (11th Cir. 2026). The Eleventh Circuit further explains "[t]he INA's text confirms that the two relevant sections on detention govern distinct classes of aliens: § 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Id.* at 1276.

While Respondents are correct that Petitioner was initially subject to an Order of Expedited Removal (*see* Resp. 1-2; Notice and Order of Expedited Removal), that Order was then vacated by the Immigration Court, *see* August 19, 2026 Order of the Immigration Judge, and Petitioner was issued a new Notice to Appear. (*See* Notice to Appear; *see also* Declaration of Deportation Officer Luis A. Crespo ¶ 16). Petitioner has been continuously present in the United States for over five years and was apprehended by ICE and then detained while he was in the interior of the United States — not at a border or port. (*See* Pet. 10-11). Further, Petitioner is not currently subject to an Order of Expedited Removal. (*See* Resp. 2-3; *see also* August 19, 2026 Order of the Immigration Judge). For those reasons, § 1226(a), not § 1225(b), governs his detention. *See Hernandez* Alvarez, 175 F.4th at 1262. And as the Supreme Court has made clear: "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of

detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition [ECF No. 1], is **GRANTED in part**.

2. Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **September 8, 2026**.

3. **On or before September 11, 2026**, Respondent shall file a Status Report informing the Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition.

4. The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending compliance with this Order and until further Order of the Court.

5. The Court retains jurisdiction to address matters that may arise with respect to the Petition or this Order.

**DONE AND ORDERED** in Miami, Florida, this 2 day of September 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record